# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| TERRENCE LEE | CIVIL ACTION NO. 09-276-P |
| VERSUS | JUDGE HICKS |
| STATE OF LOUISIANA , ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Terrence Lee ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on February 18, 2009. Plaintiff claims his civil rights were violated during his criminal trial proceedings. At the time Plaintiff filed this complaint, he was incarcerated in the Bienville Parish Jail. He names the State of Louisiana, the Louisiana Second Judicial District Court, Parish of Bienville, Johnathan Stewart, Deputy Shawonda Bell, Jess Ketchem, Deputy Thrasher, Deputy Cooper, Warden Danny Driskell, Judge Falen, and Judge Clayson as defendants.

### Consolidated Dockets 41369 and 41519

Plaintiff claims that on October 29, 2007, he was arrested by Deputy Shawonda Bell. He claims that prior to arresting him, Deputy Bell sprayed him in the face with mace and her

civilian brother assisted her with the arrest.  He claims he was booked into the Bienville Parish Jail and charged with disturbing the peace and resisting an officer.  He claims his arrest was illegal because there was no warrant for his arrest and Deputy Bell failed to investigate the charges.  He claims Deputy Bell's brother is the person who made the complaint against him for disturbing the peace.

Plaintiff claims that after he was booked into the Bienville Parish Jail, he was denied medical attention by Warden Danny Driskell.

Plaintiff claims that after his arrest, he was arraigned on December 4, 2007 for the charge of resisting an officer, but not the charge of disturbing the peace.  Plaintiff claims Judge Falen denied his request for counsel.  He claims he requested a continuance so he could subpoena witnesses.  He claims Judge Falen scheduled his trial for January 15, 2008.  He claims he made an oral motion for discovery and Judge Falen told him that either he or his attorney had to file a written motion.  He claims his mother posted his bail.

Plaintiff claims Deputy Thrasher re-arrested him for the charge of disturbing the peace.  He claims Deputy Thrasher did not have a warrant for his arrest.

Plaintiff claims the two charges of disturbing the peace and resisting an officer were consolidated.  He claims Assistant District Attorney Johnathan Stewart denied him a plea deal.  Plaintiff claims that on March 5, 2008, he appeared for trial in the Louisiana Second Judicial District Court, Parish of Bienville, for the consolidated charges of disturbing the peace and resisting an officer.  He claims Judge Clayson denied him representation by counsel.  He claims his discovery requests were denied.  He claims his motions for

appointment of counsel, for copies and transcripts, for a speedy trial and for a writ of <u>habeas corpus</u> were denied.  He claims he was convicted as charged.  He claims he was sentenced to six months unsupervised probation on one count and 90 days unsupervised probation on the other count.  He claims Judge Clayson ordered the sentences to run consecutively.  Plaintiff claims Judge Clayson sentenced him to the maximum sentences and his sentences are excessive.

Plaintiff claims Judge Clayson denied him fundamental fairness during the trial.  He claims Judge Falen prejudiced him by allowing Judge Clayson to consolidate the two cases.  Plaintiff claims Judge Clayson and Johnathan Stewart prejudiced his case because a key witness was not brought to court.

Plaintiff claims he was illegally convicted in docket # 41369 of resisting an officer because the original charge was for disturbing the peace.  Plaintiff claims he was illegally convicted in docket #41519 of disturbing the peace because the conviction was based solely on the testimony of Deputy Bell's brother.

Plaintiff claims he was denied the right to file a writ or appeal the conviction.  He claims that on March 10, 2008, he filed a notice of appeal in the Louisiana Second Judicial District Court.  He claims Judge Falen denied his motion and therefore denied him access to the court.

**Docket 41370**

Plaintiff claims that on April 6, 2008, Deputy Jess Ketchem arrested him without a

warrant for disturbing the peace, resisting an officer, and two counts of public intimidation. He claims Deputy Ketchem wrestled him onto the back of his truck during the arrest and used excessive force.  Plaintiff claims his next door neighbor's daughter, Deputy Bell, made the complaint against him.  He claims Deputy Ketchem failed to inform him of his intention and cause of arrest.

Plaintiff claims Deputy Terrence Cooper, who is Deputy Bell's brother, booked him into the Bienville Parish Jail.  Plaintiff claims that on April 8, 2008, Deputy Cooper sprayed him down and locked him in a cell and took his money.  He claims he informed Warden Danny Driskell that Deputy Cooper took his money and that he wanted to file a complaint. Plaintiff claims that for five days, he was in the six foot by six foot drunk tank without running water or a toilet.  He claims he was then transferred to the Claiborne Parish Detention Center on April 10, 2008.  Plaintiff claims he was denied access to the law library.

Plaintiff claims that on April 8, 2008, he appeared in court for his 72- hour hearing. He claims a 48-hour affidavit was not filed so there was no probable cause determination to keep him in custody.  He claims Judge Falen appointed Clay Carrol to represent him and denied him bail.

Plaintiff claims he was denied a detention and bail hearing.  He claims he was denied bail for two months and was then granted an excessive bail after the charges were reduced to one count of threatening a public officer.  Plaintiff claims he was denied bail because he was on probation in dockets 41369 and 41519.  He claims he was remanded to the Claiborne Parish Detention Center where he remained in custody for six months until he was convicted

on October 8, 2008.

Plaintiff claims that in May 2008, he was arraigned on the charges of threatening a public officer, resisting an officer, and disturbing the peace. He claims he was represented by Clay Carrol and that he refused to represent him.  He claims Judge Falen denied him bail and revoked his probation in dockets 41369 and 41519.  He claims he was denied a detention and probation hearing.  He claims his trial was set for June 4, 2008.

Plaintiff claims that on June 4, 2008, he appeared in court with his attorney Clay Carrol.  He claims he requested a continuance because he was not given discovery until the trial date and he had not discussed his defense with his attorney.  He claims his attorney Clay Carrol failed to file a motion for speedy trial.  Plaintiff claims his motion for continuance was granted but his motion for bail was denied because he was on probation.  He claims his trial was continued to July 9, 2008.

Plaintiff claims that on June 6, 2008, he appeared in the Louisiana Second Judicial District Court, Parish of Bienville and requested bail.  He claims Judge Falen set his bail at an excessive $62,000 and continued his trial to August 13, 2008.

Plaintiff claims he filed motions for intent to appeal, copies of trial and sentencing transcripts and minutes, and to appoint counsel.  He claims Judge Falen denied all of his motions.

Plaintiff claims Judge Clayson denied his application for a writ of habeas corpus regarding his bail amount without a response from the State.  He claims he was not transported to court for the July 8, 2008 hearing on his application for a writ of habeas

corpus.  Plaintiff claims Judge Clayson denied his July 21, 2008 motion for a contradictory hearing.

Plaintiff claims that on July 29, 2008, he appeared in the Louisiana Second Judicial District Court, Parish of Bienville, with his attorney Clay Carrol.  He claims his trial was continued until August 13, 2008.  He claims he objected and requested a speedy trial.  He claims his attorney said he would filed a motion.

Plaintiff claims that on August 13, 2008, he appeared in the Louisiana Second Judicial District Court, Parish of Bienville, for trial.  He claims he brought the writ of habeas corpus he filed on June 30, 2008, to the court's attention. He claims he was in custody for four months without a hearing.

Plaintiff claims Judge Falen denied him an OR bond, but reduced his bond to $32,000. He claims his trial was set for September 3, 2008 and he remained in custody.  He claims he requested a speedy trial and Judge Falen told him to have his attorney file the motion on his behalf.

Plaintiff claims that on August 16, 2008, his attorney filed a motion to appeal the rulings on his writ of habeas corpus and speedy trial motion but withheld these motions from the record.  Plaintiff claims that as a result of his attorney's actions, he was denied due process.

Plaintiff claims that on September 3, 2008, he appeared in the Louisiana Second Judicial District Court, Parish of Bienville, with his attorney.  He claims he filed motions to appoint new counsel, to dismiss, and notice of appeal because his attorney Clay Carrol

withheld his filings from the record.  Plaintiff claims Judge Falen granted his motion to appoint new counsel and appointed James Beal to represent him.  Plaintiff claims James Beal also withheld his motions from the record and therefore provided him with ineffective assistance of counsel.

Plaintiff claims that on October 8, 2008, he appeared in the Louisiana Second Judicial District Court with his attorney James Beal.  He claims he was forced to stand trial before Judge Treat.  He claims the assistant district attorney filed a new bill of information against him charging him with two counts of threatening a public officer, one count of disturbing the peace, and one count of resisting an officer.  He claims he was not informed of the new bill of information nor was he arraigned on the new bill of information.  He claims he objected.

Plaintiff claims he was found not guilty of the two counts of threatening a public officer but was found guilty of two counts of simple assault, one count of disturbing the peace, and one count of resisting an officer. He claims he was denied a fair trial.  He claims he was not allowed to testify on his own behalf or cross-examine witnesses.  Plaintiff claims he was denied effective assistance of counsel.  He claims his attorney failed to cross-examine witnesses and raise the denial of a speedy trial.  He claims his objections to the proceedings were overruled.  He claims he did not have the discovery necessary to prepare for the trial because the District Attorney filed a new bill of information on the day of trial.  He claims he was denied copies of the transcripts and court minutes.  Plaintiff claims he was denied due process and equal protection of the law.

Plaintiff claims he was sentenced to six months for the resisting an officer conviction,

90 days as to each simple assault conviction, and 90 days for the disturbing the peace conviction. He claims the trial court ordered said sentences to run concurrently. He claims he received the maximum sentence. He claims his sentences were unconstitutional and as a result he suffered damage to his reputation.

Plaintiff claims he has been denied work release, trusty status, and good time credits because of the denial of his rights during his criminal trial proceedings.

Plaintiff claims Judge Treat denied his appeal and writ to the Louisiana Second Circuit Court of Appeal. He claims the denial of judicial review violates his right to access to the courts.

**Docket 41730**

Plaintiff claims that in October 2008, the Bienville Parish Sheriff's Office harassed him and arrested him for DWI and driving under suspension. He claims that on October 31, 2008, Judge Falen set his bond at $5000 and transferred him to the Claiborne Parish Detention Center. He claims he remained in custody for 35 days without being arraigned. He further claims he was in custody for more than 100 days without any proceedings other than an arraignment on December 2, 2008.

Plaintiff claims that on December 2, 2008, he appeared in the Louisiana Second Judicial District Court, Parish of Bienville, before Judge Robert Jackson for arraignment and pleaded not guilty with court appointed attorney Carrol. Plaintiff claims he received ineffective assistance of counsel. He claims he informed the court that he and his attorney had a conflict. He claims he filed a motion for speedy trial and a motion to be released from

his bail obligation.  He claims Judge Jackson reduced his bond to $2500.  He claims Assistant District Attorney Stewart stated he was being held for contempt of court for a March 4, 2008 ticket for driving under suspension and the October 30, 2008 arrest for driving under suspension and DWI.  Plaintiff claims Stewart was being malicious because the contempt charges were not addressed at his March 2008 trial, April 2008 arraignment, or October 2008 trial.

Plaintiff claims Judge Jackson set his trial for January 7, 2009.  Plaintiff claims he remained in custody and was not brought to trial on January 7, 2009.  Plaintiff claims that on January 8, 2009, he filed a writ of habeas corpus in the Louisiana Second Judicial District Court, Parish of Bienville, based on a claim of ineffective assistance of counsel.  Plaintiff claims that on January 19, 2009, Judge Falen denied his motion and he was transferred to the Bienville Parish Jail.

Plaintiff claims that on January 8, 2009,  Warden Danny Driskell seized his legal work in order to hinder his filing of any pleadings.  He claims he was not allowed to go to the law library to research and file motions on his own behalf.  Plaintiff claims he has been denied the right to use extra stamps on his envelopes and he cannot obtain copies.

Plaintiff claims that on February 10, 2009, his attorney James Beal finally contacted him and told him that he was charged with DWI second offense but could plea guilty to DWI first offense.  He claims Beal also told him that he was going to file a motion for his immediate release based on his motion for a speedy trial.

Plaintiff claims Beal did not contact him again until March 5, 2009.  He claims he appeared in court and was forced to  stand trial.  He claims the assistant district attorney filed a new bill for DWI second offense on which he was never arraigned.  Plaintiff claims he was vindictively prosecuted because there was no evidence to support the first DWI offense.

Plaintiff claims Judge Clayson told him not to speak to his attorney.  He claims his attorney James Beal refused to file a motion to dismiss for speedy trial violations. He claims he did not receive discovery until February 27, 2009.

Plaintiff claims Dustin Clary, Deputy Brain R. Davis, and Trooper Seth Harmon testified for the State.  He claims he found guilty of DWI first but not guilty of contempt of court and driving under suspension.  Plaintiff claims Beal provided him with ineffective assistance of counsel.  Plaintiff claims Judge Clayson did not allow him to testify on his own behalf or cross-examine witnesses.  He claims he was sentenced to 120 days in the parish jail. He claims his sentence was excessive.

Plaintiff claims he was unable to exhaust his remedies because of denials by the Louisiana Second Judicial District Court, Parish of Bienville.

**Aggravated Assault Conviction**

Plaintiff claims he made a complaint with the Bienville Parish Sheriff's Office because his brother had threatened his life.  He claims Deputy Bell ignored his complaint. He claims two days later he was arrested and charged with aggravated assault.  He claims his bond was set at $20,000.  Plaintiff claims that in December 2009, he appeared in court for trial.  Plaintiff claims that on December 20, 2009, Judge Falen denied him judicial review of

all his pleadings.

**Docket 43648**

Plaintiff claims that on January 26, 2010, he was arrested and charged with domestic abuse battery.  He claims there was no warrant or evidence to support the allegations against him.  Plaintiff claims Judge Falen set an excessive bond of $10,000 because he filed for judicial review of his prior convictions.  He claims Judge Falen denied him effective assistance of counsel because his appointed counsel refused to represent him.

Plaintiff claims that on March 2, 2010, he was arraigned and Judge Falen denied his motion for a speedy trial.  Plaintiff claims Judge Clayson continued without notice his April 6, 2010 hearing on his motion for a bond reduction.


Plaintiff claims Judge Clayson denied his motions for speedy trial and a change of venue.  He claims he was forced to appeal her decisions on his motions.

Plaintiff claims that in May 2010, Judge Falen denied his motion to quash, motion for a speedy trial, and his petition for writ of habeas corpus.  He claims Judge Falen continued his trial and detained him on an OR bond.  He claims he was denied copies of his transcripts and minutes.

Plaintiff claims that on July 19, 2010, he was released on an OR bond and ordered to have no contact with his mother.  Plaintiff claims his trial set for August 11, 2010 was continued.

Plaintiff claims his attorney Carrol and the District Attorney conspired to deny him

a speedy trial by not filing his motions into the record and as a result his custody was extended.  He claims he remained in custody for the charge of battery to the infirm in violation of his due process and equal protection rights.  He further claims he was denied a hearing on the motions filed on May 26, 2010.   He claims Judge Falen withheld his motions from the record until he was released from custody on August 11, 2010.

Plaintiff claims his trial was set for November 3, 2010.  Plaintiff claims that even though there was no evidence to support the charge against him, Judge Falen refused to dismiss the charge and continued his trial date over his objections.

Plaintiff claims the district court ruined his reputation and the excessive bond caused him to lose employment opportunities.  He further claims the district court caused him to suffer mental anguish and caused friction between he and his mother.  Plaintiff claims that because of his criminal trial proceedings, he was asked to resign his minister position at his church.

Plaintiff claims he was denied medical attention while incarcerated.  Plaintiff further claims he was denied good time credits.  He claims he was harassed by the Bienville Parish Sheriff's Office.

Plaintiff claims the Bienville Parish Clerk of Court failed to provide him with minutes and transcripts as ordered by Judge Falen.  Plaintiff claims the Bienville Parish Clerk of Court falsified documents regarding the minutes of his proceedings to prevent the appellate process and exhaustion of his cause.

**Docket 44532**

Plaintiff claims that on December 31, 2010, he was arrested without evidence and charged with disturbing the peace and remaining while forbidden.  He claims Judge Falen granted an excessive bail and denied him fundamental fairness, a speedy trial, and good-time credits.  He claims he was denied due process and his recusal motion was withheld until the day of trial.  Plaintiff claims Judge Clayson forced him to stand trial before Judge Falen.  He claims he was sentenced to 68 days imprisonment.

**Docket 44726**

Plaintiff claims that on March 21, 2011, the Bienville Parish Sheriff's Office arrested and charged him with disturbing the peace and simple criminal damage to property.   He claims there was no evidence to support the charges and his bond was excessive.  He claims Judge Falen refused to recuse himself and withheld motions from the record.  Plaintiff claims that on April 19, 2011, Judge Falen denied his IFP application.

**Simple Criminal Property Damage and Disturbing the Peace Charges**

Plaintiff claims that in November 2011, he was arrested and charged with simple criminal property damage and disturbing the peace.  He claims the charges involved his mother.  He claims Judge Falen set an excessive bond and refused to allow him to plea no contest.  He claims this case is currently pending in the Supreme Court of Louisiana in case #2011-KH-2067.

**Appellant Court**

Plaintiff claims that on October 7, 2010, all his writs for review in dockets 43648, 43442, 43137, 42410, 41730, 41519, and 41369 were denied by the Louisiana Second Circuit

Court of Appeal in 46003-KH.  He claims his writs were denied because the district court failed to prosecute and hindered him from exhausting his remedies.  He claims he was denied due process.  He claims the appellant court denied him assistance of counsel and caused him prejudice.

**Bienville Parish Sheriff's Office**

Plaintiff claims that because he filed for review in dockets 41369, 41519, 41730 and 42410, he was harassed by the Bienville Parish Sheriff's Office and repeatedly arrested.  He claims he was charged with multiple offenses and granted excessive bails.

Accordingly, Plaintiff seeks reversal of his March 5, 2008 conviction, October 8, 2008 conviction and March 5, 2009 conviction, plus restitution and damages.

## LAW AND ANALYSIS

**STATE OF LOUISIANA**

Plaintiff names the State of Louisiana as a defendant in this action.  Accordingly, this Court must examine Plaintiff's claim for an award of money damages to see if the Court's jurisdiction over those claims is barred by the Eleventh Amendment.  Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

The Eleventh Amendment provides:

> The judicial power of the United States Shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment has been judicially interpreted as a bar to suits in federal court by

a private party seeking to impose liability which must be paid with funds from the State Treasury.  Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Ford Motor Company v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347, 84 L.Ed.2d 389 (1945).

Congress has not abrogated the States' Eleventh Amendment immunity in Section 1983 actions.  Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only avenue by which a plaintiff may seek money damages against the State in federal court is if the State, by the most express language or by overwhelming implications, consents to be sued in federal court.  Ex Parte Young, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed. 2d 662, 678 (1974); Brennan v. Stewart, 834 F.2d 1284, 1251-53 (5th Cir. 1988).

The Louisiana State Constitution, Article 12, Section 10(a), in pertinent part provides: "the state...shall [not] be immune from suit and liability for injury to person or property." The State's limited waiver of immunity is further qualified by LA. R.S. 13:5106, which prohibits suits against the State in any court other than a Louisiana state court.  American Telephone and Telegraph Co. v. Madison Police Jury, 465 F.Supp. 168 (D.C. 1977).

The State's limited waiver of immunity from suit in state court must not be misconstrued as a waiver of constitutional immunity under the Eleventh Amendment from suit against a state in federal court.  The State of Louisiana has not waived its rights under the Eleventh Amendment.  Usry v. Louisiana Department of Highways, 459 F.Supp. 56, 63-

64 (E.D. La. 1978); <u>Kiper v. Louisiana State Bd. of Elementary and Secondary Education</u>, 592 F.Supp. 1343 (M.D. La.), aff'd 778 F.2d 789 (5th Cir. 1985).

Plaintiff instituted the instant action pursuant to 42 U.S.C. § 1983. This Court is aware of no provision enacted by Congress which, under these circumstances, authorizes an award of money damages against a state as retrospective relief for alleged past wrongs. <u>Stewart</u>, at 1252. Plaintiff's claims and the relief sought fall within the strictures enunciated in <u>Stewart</u>, thereby barring a retrospective award of damages. This Court cannot grant Plaintiff the relief he seeks.

Accordingly, his claims against the State of Louisiana should be dismissed without prejudice because this Court lacks subject matter jurisdiction.

## PRESCRIBED CLAIMS

No statute of limitations exists for actions brought under 42 U.S.C. § 1983. Instead, federal courts borrow the forum state's general personal injury limitation period. <u>Wallace v. Kato</u>, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 319 (5th Cir.1998). In Louisiana, the applicable prescriptive period is one year. La. Civ.Code Ann. art. 3492; <u>Elzy v. Roberson</u>, 868 F.2d 793, 794 (5th Cir.1989). Federal law, not state law, determines when the cause of action accrues and the prescriptive period begins to run. <u>Wallace</u> at 388 ("the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.") (emphasis in original); <u>Jacobsen</u> at 319. "[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action .... that is, when the plaintiff can file suit and obtain relief." <u>Wallace</u> at 388

(internal quotations and citations omitted). See also <u>Adepegba v. Louisiana</u>, 41 F.3d 663, 663 (5th Cir.1994) ("Under federal law, a cause of action accrues at the time the plaintiff 'knows or has reason to know of the injury which is the basis of the action.' ") (quoting <u>Burrell v. Newsome</u>, 883 F.2d 416, 418 (5th Cir.1989)); <u>Madis v. Edwards</u>, 347 Fed.Appx. 106, 108 (5th Cir.2009).

**October 29, 2007 False Arrest Claim**

"For the purposes of a federal civil rights action, plaintiff's ... false arrest claims accrued ... when the alleged constitutional violations occurred." <u>Harris v. Orleans Dist. Attorney's Office</u>, 2009 WL 3837618, at *3 (E.D.La. Oct.13, 2009) (citing <u>Wallace</u> ). For a false arrest claim the alleged constitutional violation is when "the claimant becomes detained pursuant to legal process." <u>Mapes v. Bishop</u>, 541 F.3d 582, 584 (5th Cir.2008) (citing <u>Wallace</u> ).

The allegedly illegal arrest at issue occurred on October 29, 2007.  Pursuant to <u>Wallace</u>, <u>Mapes</u>, and <u>Harris</u>, the prescriptive period for a § 1983 claim based on an illegal arrest would begin to run at the time of the arrest or when Plaintiff was detained pursuant to legal process.  Plaintiff filed this suit on February 18, 2009, well after the one-year prescriptive period for his claim had run.

Accordingly, Plaintiff's federal claims regarding his October 29, 2007 arrest have prescribed and should be dismissed with prejudice as frivolous.

**October 29, 2007 Excessive Force Claim**

Plaintiff claims his civil rights were violated by Deputy Bell when she sprayed him in the face with mace during his October 29, 2007 arrest.  Thus, prescription began to run as to this claim on October 29, 2007.  The above entitled and numbered complaint was not filed by the Clerk of Court until February 18, 2009.  Plaintiff's October 29, 2007 excessive force claim is therefore prescribed.

Accordingly, Plaintiff's civil rights claim against Deputy Bell regarding excessive force should be dismissed as frivolous.


**CONCLUSORY CLAIMS**

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations.  Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986).  The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials.  See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

**Warden Danny Driskell**

Plaintiff claims that after he was booked into the Bienville Parish Jail following his October 29, 2007 arrest, Warden Danny Driskell denied him medical attention.  In this case, Plaintiff has named individual officials as defendants and is therefore required to give factual

details regarding his alleged constitutional rights violations.  Plaintiff has failed to do so.

Accordingly, this claim against Warden Danny Driskell regarding the denial of medical attention should be dismissed as frivolous for failure to state a claim on which relief may be granted.

## Medical Treatment Claim

Plaintiff makes a vague claim that he was denied medical attention while incarcerated. In this case, Plaintiff has named individual officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations.  Plaintiff has failed to do so.

Accordingly, this claim regarding the denial of medical attention should be dismissed as frivolous for failure to state a claim on which relief may be granted.

## Bienville Parish Clerk of Court

Plaintiff claims the Bienville Parish Clerk of Court falsified documents regarding the minutes of his proceedings to prevent the appellate process and exhaustion of his cause.  He also claims the Bienville Parish Clerk of Court failed to provide him with minutes and transcripts as ordered by Judge Falen.   Again, Plaintiff has named an individual official as defendant and is therefore required to give factual details regarding his alleged constitutional rights violations.  Plaintiff has failed to do so.

Accordingly, these claims against the Bienville Parish Clerk of Court regarding the falsification of documents and failure to provide documents should be dismissed as frivolous for failure to state a claim on which relief may be granted.

## JUDICIAL IMMUNITY

It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith.  Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978).  Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge.  Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982).

### Judges Falen, Clayson, and Teat

As detailed above, Plaintiff asserts numerous claims against Judge Falen, Judge Clayson, and Judge Teat.    Plaintiff cannot maintain these claims. The conduct challenged by Plaintiff unequivocally falls within the judges' authority as judicial officers of the court and in the ordinary exercise of judicial duties.

Accordingly, all claims against the judges should be dismissed with prejudice as frivolous.

### Court of Appeal

Plaintiff claims that the Louisiana Second Circuit Court of Appeal denied all his writs for review in 46003-KH.  He claims he was denied due process and assistance of counsel.  As with the trial court judges discussed above, Plaintiff cannot maintain his claims against the judges of the court of appeal.  The conduct challenged by Plaintiff unequivocally falls within the judges' authority as judicial officers of the court and in the ordinary exercise of judicial duties.

Accordingly, the claims against the judges of the Louisiana Second Circuit Court of Appeal should be dismissed with prejudice as frivolous.

**DISTRICT ATTORNEY AND ASSISTANT DISTRICT ATTORNEY**

Plaintiff asserts various claims against the District Attorney and Assistant District Attorney.  Prosecutors have absolute immunity when acting in a quasi-judicial mode.  Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988).  The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability.  Geter, 849 F.2d at 1552.  Absolute immunity is immunity from suit rather than from liability.  Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985).  The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged by Plaintiff unequivocally falls within the authority of the assistant district attorney and district attorney, as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties.  Accordingly, Plaintiff's civil rights complaint against Assistant District Attorney Johnathan Stewart and the District Attorney should be dismissed as frivolous.

**ATTORNEY CLAIMS**

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  A plaintiff in a civil rights suit

must show that the conduct complained of was committed by a person acting under color of state law.  Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state.  They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed.  Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976);  Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

**Clay Carrol and James Beal**

Plaintiff claims court appointed attorneys Clay Carrol and James Beal provided him with ineffective assistance of counsel and violated other duties to him.   However, Plaintiff does not allege that his attorneys acted under color of state law.  Accordingly, Plaintiff's claims against Clay Carrol and James Beal should be dismissed as frivolous.

**HECK CLAIMS**

**Dockets 41369 and 41519**

Plaintiff is seeking monetary damages for allegedly unconstitutional convictions and

sentences in consolidated docket 41369 and 41519.  The United States Supreme Court held

that in order to recover damages for an allegedly unconstitutional conviction or sentence or

for "harm caused by actions whose unlawfulness would render a conviction or sentence

invalid," a prisoner must show that the conviction or sentence has been "reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

such determination, or called into question by a federal court's issuance of a writ of habeas."

Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  Heck involved a

civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until

plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable

under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been

called into question as defined therein, which requires dismissal of claims not meeting its

preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983;

therefore, he must prove that his convictions or sentences have been invalidated.  He has not

met this precondition and his complaint must be dismissed until such time that he can

demonstrate that his convictions or sentences have been invalidated.

**Illegal Arrests**

Plaintiff claims he was re-arrested by Deputy Thrasher for disturbing the peace

without a warrant in docket 41519.  Plaintiff claims he was arrested by Deputy Jess Ketchem

for disturbing the peace, resisting an officer and two counts of public intimidation without

a warrant in docket 41370.  Plaintiff claims he was arrested without evidence for disturbing the peace and remaining while forbidden in docket 44532.  Plaintiff claims he was arrested for domestic abuse battery without a warrant or evidence to support the allegations against him in docket 43648.

In order to support his claims for unlawful arrest, Plaintiff must demonstrate that he was arrested without probable cause.  Burge v. Parish of St. Tammany, 187 F.3d 452, 481 (5th Cir.1999).  Here, Plaintiff was arrested for crimes of which he was ultimately convicted or convicted of a lesser crime.  Heck, therefore, bars recovery for the illegal arrest claims, because the convictions necessarily imply that there was probable cause for the arrests. Sappington v. Bartee, 195 F.3d 234, 237 (5th Cir.1999).  The Fifth Circuit held in Wells v. Bonner, 45 F.3d 90, 95 (5th Cir.1995), that "[i]f there was probable cause for any of the charges made ... then the arrest was supported by probable cause, and the claim for false arrest fails. Thus [plaintiff's] proof to establish ... false arrest, i.e., that there was no probable cause to arrest ... would demonstrate the invalidity of [plaintiff's] conviction...."

Accordingly, Plaintiff's illegal arrest claims would invalidate his convictions and are barred by Heck.

**Excessive Force**

Plaintiff claims that during his April 6, 2008 arrest, Deputy Ketchum wrestled him onto the back of his truck and used excessive force.  The Heck principle also operates to bar Plaintiff's claim of excessive force.  The Fifth Circuit has held that "a successful claim of excessive force would necessarily undermine [a] conviction for resisting arrest." Thomas v.

Page 24 of  34

Louisiana State Police, 170 F.3d 184, 184 (5th Cir.1999).  Plaintiff conviction for resisting

arrest and his claim of excessive force stem from a single interaction.

Accordingly, Plaintiff's claim is an attack on the validity of his conviction for

resisting arrest, and it is barred by Heck.

**BIENVILLE PARISH SHERIFF'S OFFICE**

Plaintiff claims the Bienville Parish Sheriff's Office harassed and repeatedly arrested

him because he filed for review of his convictions which resulted in him being charged with

multiple offenses and granted excessive bails.  A parish sheriff's office is not a legal entity

capable of being sued.  Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 283 (5th Cir.

2002).  Thus, the Bienville Parish Sheriff's Office is not a proper defendant.

As such, Plaintiff's civil rights complaint against the Bienville Parish Sheriff's Office

should be dismissed as frivolous.

**PROPERTY CLAIM**

Plaintiff claims that on April 8, 2008, Deputy Terrence Cooper locked him in a cell

and took his money.  Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil

Rights Act which provides redress for persons "deprived of any rights, privileges or

immunities secured by the Constitution or laws of the United States" by a person acting

under color of state law.  Accordingly, the initial inquiry and threshold concern of the

reviewing court is whether Plaintiff's constitutional rights have been violated.  See Parratt

v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property"

within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights.  See id. at 542, 107 S. Ct. at 1916.  However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States.  See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979).  A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie.  "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property."  Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986).  Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated.  See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).  Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988).  Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent.  See La. Civ. Code art. 2315.

Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

## CONDITIONS OF CONFINEMENT

Plaintiff claims that while a detainee in April 2008, he was held in the six foot by six foot drunk tank without running water or a toilet for five days.  It should first be noted that Section 1983 does not establish substantive rights, but only provides a method for vindicating federal rights conferred elsewhere.  Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).  Because Plaintiff was a pre-trial detainee at the time of the incident and not a convicted prisoner, the Eighth Amendment's prohibition against cruel and unusual punishment is inapplicable.  Edwards v. Johnson,  2000 WL 373976 (5th Cir. 2000), citing, Ortega v. Rowe, 796 F.2d 765, 767 (5th Cir. 1986), cert. denied, 481 U.S. 1013, 107 S.Ct. 1887 (1987).

A pre-trial detainee's constitutional claims are considered under the Fourteenth Amendment due process clause rather than the Eighth Amendment.  Id.  In evaluating such constitutional claims, the court must first classify them as in Olabisiomotosho v. City of Houston, 185 F.3d 521 (5th Cir. 1999), where the Fifth Circuit established a format for the proper analysis applicable to constitutional challenges by pre-trial detainees:

> We begin by deciding whether to classify the "challenge as an attack on a 'conditions of confinement' or as an 'episodic act or omission.'  The former category would include such claims as "where a detainee complains of the number of bunks in a cell or his television or mail privileges."  The latter category, on the other hand, occurs "where the complained-of harm is a particular act or omission of one or more officials."
>
> In an episodic act or omission case, . . . the plaintiff "must establish that the official(s) acted with subjective deliberate indifference to prove a violation of

[his] constitutional rights."  Subjective deliberate indifference means "the official had subjective knowledge of a substantial risk of serious harm to a pre-trial detainee but responded with deliberate indifference to that risk."

Olabisiomotosho, 185 F.3d, at 526 (citations omitted).

The Court finds that Plaintiff's due process claims should be classified as episodic acts or omissions.  Thus, the proper analysis to be applied by this Court is a standard of subjective deliberate indifference as enunciated by the United States Supreme Court in Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994).  Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996).

Plaintiff does not allege that he was denied access to bathroom facilities or water.  He merely alleges that the "drunk tank" did not have facilities.  This allegation is not sufficient.  Accordingly, Plaintiff's due process claims lack an arguable basis in fact and law and should be dismissed with prejudice as frivolous.

## LAW LIBRARY CLAIMS

Plaintiff claims that while incarcerated in the Claiborne Parish Detention Center in 2008, he was denied access to the law library.  Plaintiff also claims that on January 8, 2009, Warden Danny Driskell seized his legal work.  He further claims he was denied access to the law library.  Plaintiff also claims he was denied extra stamps and copies.

Prisoners  have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)).  However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S.

78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)).  In <u>Lewis v. Casey</u>, 518 U.S. 343,

(1996), the Supreme Court reviewed its holding in <u>Bounds v. Smith</u>, 430 U.S. 817, (1977)

which  is the source of a prisoner's constitutional right to "meaningful access to the courts."

While the Supreme Court reaffirmed a prisoner's right of access to the courts in <u>Lewis</u>, the

Court limited the parameters of <u>Bounds</u> and set forth a standard to be applied when

determining whether to grant relief for an access to the courts violation.  In so holding, the

Court noted that a prisoner must show an actual injury, explaining that this requirement is

derived from the doctrine of standing. <u>Lewis</u>, 116 S.Ct. at 2179.  The Court used the analogy

of a prisoner who is denied access  to that of a healthy prisoner who has been deprived of

medical treatment.  In both cases, neither the access deprived prisoner nor the healthy

prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section

1983.  The Court emphasized that the court's role is to provide relief to claimants who have

suffered actual harm, not to interfere with the management of prisons.

The Fifth Circuit has held that a prisoner cannot prevail on an access to the courts

claim without proving an actual injury in non-frivolous litigation as a result of the

defendant's alleged unconstitutional conduct.  <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th

Cir. 1998); <u>Chriceol v. Phillips</u>, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that

Plaintiff's claims are frivolous.  Plaintiff has failed to allege or demonstrate that he lost the

right to commence, prosecute or appeal any suit as a result of the alleged denial of access to

the court.  Furthermore, Plaintiff's complaint in this court reveals on its face that he was able

to clearly present his claims to this court.  Thus, he has failed to state any actual injury.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**HABEAS CLAIMS**

Plaintiff claims his convictions and sentences in consolidated dockets 41369 and 41519 are illegal and seeks reversal of the convictions and sentences.  Plaintiff also claims he was denied good time credits.  Plaintiff claims his sentence was excessive in docket 41730.  Specifically, Plaintiff seeks reversal of his March 5, 2008, October 8, 2008 and March 5, 2009 convictions.

Although Plaintiff submitted his claims on the standardized civil rights complaint form, it is incumbent upon this Court to determine preliminarily whether the facts alleged establish claims under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claims are ones which must be pursued initially in a habeas corpus proceeding.  This determination is made by focusing on "the scope of relief actually sought."  Alexander v. Ware, 417 F.2d 416, 419 (5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).  In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state

conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)).  Plaintiff is challenging his convictions and sentences and the denial of good-time credits and his claims clearly fall within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time.  Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified.  It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies.  See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982).  From the information provided in Petitioner's complaint and amended complaint, it does not appear that he has exhausted his available state remedies.

Accordingly, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before

or after service of process, and before or after answers have been filed.  <u>See</u> 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  <u>See</u> <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional convictions and sentences be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met.  **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claim against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  **IT IS FURTHER RECOMMENDED** that Plaintiff's remaining civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that Plaintiff's request for <u>habeas</u> relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless

an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to

another party's objection within ten (10) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the

District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions

and recommendations set forth above, within fourteen (14) days after being served with a

copy shall bar that party, except upon grounds of plain error, from attacking, on appeal,

the proposed factual findings and legal conclusions that were accepted by the district

court and that were not objected to by the aforementioned party.  See Douglas v.

U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a

proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge

issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the

Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the

district court to issue or deny a certificate of appealability when it enters a final order

adverse to the applicant. A certificate may issue only if the applicant has made a

substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party

may, within **fourteen (14) days** from the date of this Report and Recommendation, file a

memorandum that sets forth arguments on whether a certificate of appealability should

issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 31st

day of July, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE